SAMUEL B. KIMBALL *et al. vs.* JOSEPH H. CLEVELAND.

The Cashier of a Bank, in the absence of proof to the contrary, will be presumed to have the authority to turn out the notes and assets of the Bank, in payment of its indebtedness.

Error to Lenawee Circuit.

It appeared from the bill of exceptions in this cause, that the action was commenced on a promissory note, dated September 19, 1854, for the sum of $300, payable thirty days after date, to the order of William E. Kimball, at the Erie and Kalamazoo Railroad Bank, and signed by Samuel B. Kimball, and that this note was subsequently discounted by said Bank. Prior to the maturity of the note, the Bank being indebted to Cleveland, the note in question, together with other paper held by the Bank, was, by the Cashier, or by one of the clerks, by the Cashier's direction, turned out to Cleve-

land in payment of such indebtedness. That on the day said note fell due, Cleveland caused said note to be presented to the Bank for payment. Payment was refused, and the note duly protested. It further appeared, that sometime during the same day, the maker, Samuel B. Kimball, caused to be tendered at the counter of the Bank, three hundred dollars in its own bills, in payment of said note.

Hiram Comstock, who, it seems, was the acting Cashier in the Bank at the time of the tender, testified at the trial, that he did not think the note was in the Bank at that time, and that it did not then belong to the Bank. Under substantially these facts, the defendant's counsel requested the Court to charge the jury " that neither the clerks nor the Cashier of the Bank had the power or authority to turn out the notes and assets of the Bank in payment of its indebtedness, without the consent of the Directors of the Bank." The Court refused so to charge the jury, but, on the contrary, charged that the Cashier of the Bank was presumed, in the absence of proof to the contrary, to have authority to turn out the notes and assets belonging to the Bank, in payment of its indebtedness ; and to this ruling and charge the defendant excepted.

*H. C. Beaman,* for plaintiff.

*L. B. Bowen and T. M. Cooley,* for defendant.

By the Court, COPELAND, J.

The only question presented for our consideration in this case, is in regard to the charge of the Court that the Cashier was presumed, in the absence of proof to the contrary, to have the authority to turn out the notes and assets belonging to the Bank, in payment of its debts. We are of the opinion, that in this charge there is no error. That the transfer of the note

Samuel B. Kimball *et al.* *vs.* Joseph H. Cleveland.

by the Cashier was within the general scope of his powers and duties, and it could make no difference, whether the transfer was made by the Cashier personally, or by one of the clerks, by the Cashier's direction. Judge Story says, the Cashier of a Bank is, *virtute officii*, generally entrusted with the notes, securities and other funds of the Bank, and is held out to the world by the Bank as its general agent, in the negotiation and disposal of them. *Prima facie*, therefore, he must be deemed to have authority to transfer and endorse negotiable securities held by the Bank for its use, and in its behalf. No special authority for this purpose is necessary. ( *Weld* vs. *Bank of Passamaquoddy*, 3 *Mason C. C. Rep.*, 506.)

So again, in Fleckner *vs.* U. S. Bank (8 *Wheat.*, 338), it was held, that the acts of the Cashier, done in the ordinary course of the business actually confided to such an officer, may well be deemed *prima facie* evidence that they fell within the scope of his duty. Where the Cashier of a Bank assigns a certificate of sale owned by it, affixing the corporate seal to the assignment, his authority to do so will be presumed until the contrary appears. ( *Bank of Vergennes* vs. *Warren et al.*, 7 *Hill*, 91.)

There is nothing in this case showing a limitation of the powers and duties of the Cashier, by the action of the Board of Directors, or otherwise.

The judgment of the Court below must be affirmed.

Present, COPELAND, JOHNSON and MARTIN, J. J.

DOUGLASS, J., was not present at the argument, and, therefore, did not participate in the decision.